UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHLEEN M. BROOKS et al.,

    Plaintiffs,

v.                                    Case No. 06-C-996

GENERAL CASUALTY COMPANY
OF WISCONSIN et al.,

    Defendants.

**ORDER DENYING MOTION TO DISMISS**

    This case arises out of the deaths of a husband and wife and serious injuries to their children and other family members that occurred after liquid propane gas escaped from an underground pipeline and caused a fire and explosion at a resort owned by defendant Cedar Grove Resort, Inc. ("Cedar Grove Resort") in Ellison Bay, Wisconsin, where the family was vacationing. Plaintiffs allege, *inter alia*, that defendant Arby Construction, Inc. ("Arby") ruptured the buried propane gas line while performing excavation work for defendant Wisconsin Public Service Corporation, who had contracted with Arby to install or re-route electrical lines on the resort property. With respect to defendant Arby, plaintiffs allege a common-law negligence claim and a claim based on Arby's violation of Wisconsin's so-called "safe place" statute. *See* Wis. Stat. § 101.11. Arby has moved to dismiss the safe-place claim. For the following reasons, that motion will be denied.

**MOTION TO DISMISS STANDARD**

    A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of an action

under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). In ruling on a motion to dismiss under Rule 12(b)(6), a court views all of the facts alleged in the complaint, as well as any inferences reasonably drawn from them, in the light most favorable to the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991).

Federal notice-pleading requires only that a plaintiff set out a "short and plain" statement of the claim providing a defendant with fair notice of the claim; fair notice does not require every element of a legal theory to be specifically set forth. *Scott*, 195 F.3d at 951. Nor must a plaintiff plead all of the facts necessary to support the elements of his claim. *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). In an alternative phrasing of this minimal burden, the Seventh Circuit has held that a complaint is sufficient "if it notifies the defendant of the principal events." *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Finally, conclusions or vague language are acceptable so long as a defendant can understand the claim. *See Muick v. Glenayre Elecs.*, 280 F.3d 741, 744 (7th Cir. 2002).

**WISCONSIN'S SAFE-PLACE STATUTE**

Wisconsin's safe-place statute requires employers and owners of public buildings to keep premises that are under their control safe for employees and for those who frequent the premises.

Wis. Stat. § 101.11. More specifically, the statute provides that "[e]very employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building as to render the same safe." Wis. Stat. § 101.11(1). Liability often hinges on whether the defendant is an "employer" or "owner" within the meaning of the statute, which in turn depends upon whether the defendant has the requisite control of the premises. *See* Wis. Stat. § 101.01(4) (definition of employer requiring one to have "control or custody"); Wis. Stat. § 101.01(10) (definition of owner requiring one to have "ownership, control or custody"). A contractor, such as Arby, may exercise sufficient control over a job site to be an "employer" or "owner" within the meaning of the statute. *See Schwenn v. Loraine Hotel Co.*, 14 Wis. 2d 601, 607, 111 N.W.2d 495 (1961).

The safe-place statute does not create a separate cause of action, but simply creates a higher standard of care for maintaining a safe workplace or public building. *Gould v. Allstar Ins. Co.*, 59 Wis. 2d 355, 361, 208 N.W.2d 388 (1973). Violating the safe-place statute is merely a form of negligence. *Id.* For the sake of clarity, a plaintiff may plead separately a claim of negligence based on the common law and a claim of negligence based on a violation of the safe-place statute, but, again, the statute creates no separate cause of action. *See Lealiou v. Quatsoe*, 15 Wis. 2d 128, 136, 112 N.W.2d 193 (1961).

**ANALYSIS**

Defendant Arby argues that plaintiffs' safe-place claim should be dismissed because the facts alleged by plaintiffs are insufficient to maintain such a claim. More specifically, Arby argues that the allegations of a safe-place violation are conclusory, inconsistent with other allegations in the complaint, and deficient in setting forth facts necessary to establish each element of a safe-place

3

claim. However, Arby's arguments miss the central issue here, namely, whether plaintiffs' complaint, taken as a whole, provides Arby with sufficient notice of the nature of the claim such that Arby can file an answer. I find that plaintiffs' complaint meets this liberal standard.

By not challenging plaintiffs' common-law negligence claim, Arby has acknowledged its sufficiency. This acknowledgment is important here because the safe-place statute is merely common-law negligence with a higher duty of care, and the principal events underlying the two claims are the same.[1] While Arby has not challenged the sufficiency of plaintiffs' common-law negligence claim, Arby argues that the safe-place claim lacks factual allegations directed to the particular elements of such a claim, such as whether or not Arby had control of the premises. However, there is no requirement to plead the facts or elements of a claim in a federal suit.[2] *See Scott*, 195 F.3d at 951; *Walker*, 288 F.3d at 1007. Nor is there even a requirement to plead any legal theory, such as negligence. *Shah v. Inter-Cont'l Hotel Chicago Operating Corp.*, 314 F.3d 278, 282 (7th Cir. 2002). Plaintiffs have met the liberal notice-pleading standard with respect to their safe-place claim. By setting forth the principal events surrounding the fire and explosion, by specifically alleging Arby's violation of the safe-place statute, and by alleging that violation as the basis for a separate claim (Compl. ¶¶ 82-86), plaintiffs gave Arby sufficient notice that they intend to rely on

---

[1] Under Wisconsin law, plaintiffs were not required to allege a separate claim against Arby for violation of the safe-place statute. *See, e.g., Mullen v. Reischl*, 10 Wis. 2d 297, 308, 103 N.W.2d 49 (1960) (holding that in order to raise safe-place claim, plaintiff need not plead violation of safe-place statute where complaint also alleges acts by defendant that would constitute negligence at common law). However, plaintiffs did allege their safe-place claim separately from their common-law negligence claim, in keeping with the practice favored by the Wisconsin Supreme Court. *See Widell v. Holy Trinity Catholic Church*, 19 Wis. 2d 648, 650, 121 N.W.2d 249 (1963).

[2] Exceptions to this pleading standard arise under Rule 9, but those do not apply in this case. *See* Fed. R. Civ. P. 9.

4

the statute as an additional basis for establishing Arby's negligence and–more important for purposes of the instant motion–gave Arby sufficient notice to answer the safe-place claim.

Arby's other arguments in support of dismissal are unpersuasive. Arby argues that plaintiffs' allegations regarding the safe-place claim are conclusory, merely tracking the statutory language. However, conclusory language in a complaint is acceptable so long as a defendant can understand the claim. *See Muick v. Glenayre Elecs.*, 280 F.3d at 744. Nowhere has Arby argued that it does not understand plaintiffs' safe-place claim.

Next, Arby argues that plaintiffs' allegations of the safe-place claim are contradicted by allegations elsewhere in the complaint. Arby sees an inherent contradiction arising from plaintiffs' allegations that (1) Cedar Grove Resort owned and operated the resort and other property on the premises; (2) Arby had the requisite control of the premises; and (3) Arby contracted with Wisconsin Public Service, not with Cedar Grove Resort, to do the electrical work. According to Arby, one cannot conclude from these allegations that Cedar Grove Resort contracted with Arby to perform work on the property so as to give Arby the required control over the premises. However, in order for Arby to have had control for purposes of the safe-place statute, Arby need not have contracted with Cedar Grove. One can reasonably infer that Arby had the right to be on the property to perform its work (e.g., from having subcontracted with Wisconsin Public Service). Furthermore, for purposes of the safe-place statute, control of the property need not be exclusive, nor is it necessary to have control for all purposes. *Schwenn*, 14 Wis. 2d at 607; *Callan v. Peters Constr. Co.*, 94 Wis. 2d 225, 242, 288 N.W.2d 146 (Ct. App. 1979). Therefore, one could reasonably infer that Arby had control over the property for purposes of performing its work, while Cedar Grove Resort also retained control over the property.

5

## CONCLUSION

At this early stage of the case, Arby's motion to dismiss is premature. Like any other defendant in federal court, Arby will have ample opportunity for discovery and other pretrial procedures "to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48. Plaintiffs have given Arby sufficient notice of the safe-place claim and the general factual background on which it is based. The federal pleading rules require no more.

**IT IS THEREFORE ORDERED** that defendant Arby's motion to dismiss plaintiffs' claim under Wis. Stat. § 101.11 is **DENIED**.

Dated this   1st   day of December, 2006.

                                         s/ William C. Griesbach
                                        William C. Griesbach
                                        United States District Judge