UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATHLEEN M. BROOKS et al.,

    Plaintiffs,

v.                                        Case No. 06-C-996

GENERAL CASUALTY COMPANY
OF WISCONSIN et al.,

    Defendants.

**ORDER DENYING MOTION TO COMPEL**

This case arises out of the deaths of a husband and wife and serious injuries to their children and other family members that occurred after liquid propane gas escaped from an underground pipeline and caused a fire and explosion at a resort owned by defendant Cedar Grove Resort, Inc. in Ellison Bay, Wisconsin, where the family was vacationing. Plaintiffs allege, *inter alia*, that defendant Arby Construction, Inc. ("Arby") ruptured a buried propane gas line while performing excavation work for defendant Wisconsin Public Service Corporation, who had contracted with Arby to install or re-route electrical lines on the resort property. Plaintiffs have filed an expedited motion to compel discovery of incident reports or accident documentation in Arby's possession related to the incident in Ellison Bay. As set forth below, that motion will be denied, but I will also order Arby to provide plaintiffs with a privilege log (or its functional equivalent) detailing the requested material.

On November 6, 2006, plaintiffs served on Arby their first request for production of documents. Request No. 7 asked for "[a]ll documents relating to any investigation of the subject explosion by Arby Construction, Inc., or any of its insurers, including, but not limited to, written

or recorded witness statements, substantially verbatim recitals of witness statements, video statements, correspondence, reports, test results, memoranda, notes, e-mails, films, videotapes or photographs." (Ex. A to Christensen Aff. at 5, Dkt. #77.) In response, Arby objected to the request on the basis of both the attorney-client privilege and the work-product doctrine. (Ex. B to Christensen Aff. at 7, Dkt. #77.) In subsequent correspondence with plaintiffs' counsel, Arby again asserted the attorney-client privilege as to any accident documentation and clarified that it had no discoverable incident reports. (Exs. 1-2 to Priebus Aff., Dkt. #81.) According to Arby, no incident report issued prior to the explosion because the Arby crew members, unaware that any underground pipeline had been struck, had left the site before the explosion occurred. (Arby's Resp. Br. at 2; Lentz Aff. ¶ 6.) Arby claims that all of its incident reports and accident documentation regarding the Ellison Bay incident were created after the explosion and at the direction of Arby's counsel, thereby placing all such material under the work-product doctrine.[1]

Under Rule 37, Federal Rules of Civil Procedure, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Fed. R. Civ. P. 37(a)(2)-(3). A motion to compel discovery pursuant to Rule 37(a) is addressed to the discretion of the trial court. *Cmty. Sav. & Loan Ass'n v. Fed. Home Loan Bank Bd.*, 68 F.R.D. 378, 381 (E.D. Wis. 1975). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the claim or defense of any party, . . . ." Fed. R. Civ. P. 26(b)(1). Moreover, the test for relevance in the discovery area is "an extremely broad one." *AM Int'l, Inc.*

---

[1] Plaintiffs' brief attacks Arby's assertion of the attorney-client privilege, but overlooks Arby's claim of protection under the work-product doctrine. As a result, Arby focuses its argument on the work-product doctrine, without conceding that the information sought is not also protected by the attorney-client privilege. (Resp. Br. at 1 n.2, Dkt. #80.)

2

*v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981). A request for discovery "'should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.'" *Id.* (quoting 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2008 (1970)).

A party withholding otherwise discoverable materials under a claim that they are privileged or protected as work product bears the burden of proving that the materials are in fact immunized from discovery. *United States v. Hamilton*, 19 F.3d 350, 354 (7th Cir.1994) (evidentiary privileges in general); *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983) (work product doctrine specifically); *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003) (attorney-client privilege specifically). Furthermore, the withholding party must expressly claim the material is privileged or protected as work product, and must describe the nature of the material in such a way that the requesting party can "assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). This requirement is typically met through the creation of a so-called privilege log, which identifies all items with particularity and clearly sets forth the specific grounds for asserting the privilege or protection as to each one. In *Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.*, 145 F.R.D. 84 (N.D. Ill. 1992), the information required in a privilege log was described as follows:

> [D]iscovery opponents [must] produce a privilege log listing each separate document they claim to be beyond discovery, described in the following separate categories. For each document, the log should identify the date, the author and all recipients, along with their capacities. The log should also describe the document's subject matter, purpose for its production, and a specific explanation of why the document is privileged or immune from discovery. These categories, especially this last category, must be sufficiently detailed to allow the court to determine whether the discovery opponent has discharged its burden of establishing the [existence of the claimed privilege or immunity] . . . . Accordingly, descriptions such as "letter re claim," "analysis of claim," or "report in anticipation of litigation"—with which we have grown all too familiar—will be insufficient. This may be burdensome, but it

> will provide a more accurate evaluation of a discovery opponent's claims and takes into consideration the fact that there are no presumptions operating in the discovery opponent's favor. Any failure to comply with these directions will result in a finding that the . . . discovery opponents have failed to meet their burden of establish [sic] the applicability of the privilege.

*Id.* at 88 (emphasis omitted). *See also Allen v. Chicago Transit Auth.*, 198 F.R.D. 495, 498 n.1 (N.D. Ill. 2001) (same). "If the description falls below this standard and fails to provide sufficient information for the court and the party seeking disclosure to assess the applicability of the attorney-client privilege or work product doctrine, then disclosure of the document is an appropriate sanction." *Mold-Masters Ltd. v. Husky Injection Molding Systems Ltd*, No. 01-C-1576, 2001 WL 1558303, at *2 (N.D. Ill. Dec. 6, 2001) (citing *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 534 (N.D. Ill. 2000).

Here, plaintiffs' motion fails, for even assuming they are correct that the requested material does not fall under the attorney-client privilege, they nowhere address whether it might be protected under the work-product doctrine, as Arby claims. However, Arby may not simply rest on its claim that it has no report or accident documentation involving the Ellison Bay incident that is not immunized by the attorney-client privilege, the work-product doctrine, or both. Rather, Arby is required under Rule 26(b)(5) to produce a privilege log or its functional equivalent for all requested material it is withholding under a claim of either attorney-client privilege or protection by the work-product doctrine. *See* Fed. R. Civ. P. 26(b)(5). The privilege log should provide at least the level of detail set forth by the *Allendale* court, quoted above. If, after reviewing Arby's privilege log, plaintiffs believe the withheld documents do not fall within the attorney-client or attorney's work product privileges, they may renew their motion.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to compel discovery is **DENIED**.

4

**IT IS FURTHER ORDERED** that defendant Arby provide plaintiffs with a privilege log or its functional equivalent pursuant to Fed. R. Civ. P. 26(b)(5), covering all requested materials that Arby is withholding.

Dated this   26th   day of January, 2007.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge