# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KATHLEEN M. BROOKS, Individually and as
Personal Representative of the ESTATE OF
PATRICK M. HIGDON, deceased, and the
ESTATE OF MARGARET M. HIGDON,
a/k/a MARGARET MARY BROOKS HIGDON,
deceased, JAMES B. HIGDON, a minor,
By his Co-Guardians, James F. Brooks and
Margery E. Brooks PATRICK J. HIGDON II,
a minor, by his Co-Guardians, James F. Brooks
and Margery E. Brooks, MEGAN E. HIGDON,
a minor, by her Co-Guardians, James F. Brooks and
Margery E. Brooks, JAMES F. BROOKS and
MARGERY E. BROOKS, DANIEL BROOKS and                Case No. 06-C-996
CATHERINE BROOKS, OBERT BURCH,

                    Plaintiffs,

vs.

OLD REPUBLIC INSURANCE COMPANY, ASSOCIATED
ELECTRIC & GAS INSURANCE SERVICES LIMITED (AEGIS),
RSUI INDEMNITY COMPANY, LIBERTY INSURANCE
UNDERWRITERS, INC., LEXINGTON INSURANCE COMPANY
a/k/a SOUTHERN RISK SPECIALISTS, INC., ARBY
CONSTRUCTION, INC., ENERGY INSURANCE MUTUAL LIMITED,
WISCONSIN PUBLIC SERVICE CORPORATION, ACUITY,
A MUTUAL INSURANCE COMPANY, PORTSIDE BUILDERS, INC.,
ACE AMERICAN INSURANCE COMPANY, FERRELLGAS, INC.,
FERRELLGAS OPERATING, LIMITED PARTNERSHIP
a/k/a FERRELLGAS, L.P., GENERAL CASUALTY COMPANY OF
WISCONSIN and CEDAR GROVE RESORT, INC.,

                    Defendants,

and

HARBOR CONSTRUCTION, INC.

                    Third Party Defendant.

**ORDER REGARDING DECEMBER 4, 2007 HEARING AND MOTION PRACTICE**

Counsel for the plaintiff has requested guidance from the court concerning the December 4, 2007, hearing on plaintiffs' motion to compel discovery from Arby Construction, Inc., and the procedure to be followed when one or more parties join in a motion filed by another. With respect to the first issue, it is the court's intent to address first the motion filed by plaintiffs to compel discovery from Arby Construction. Related filings will also be addressed as necessary to decide the pending motion. In the event plaintiffs request a further opportunity to respond to the later-filed submissions at the hearing, the court will consider allowing further submissions by the plaintiffs.

With respect to the procedural issue raised by plaintiffs, the court finds plaintiffs' suggestion reasonable and hereby adopts it.

1. Hereafter, when a party files a motion and another party wishes to join in that motion, the joining party must submit their motion to join and/or brief within 10 days of the filing of the original motion. The non-moving party will then have 21 days to respond to the motion and any joinder motion consistent with local rule 7.1(b).

2. When a party files a motion against a second party, then under Local Rule 7.1(b), the non-moving party has 21 days in which to file a response to the motion. If a third and different party wishes to "join" in the second parties response, that third party shall be required to file its "joinder" brief within 21 days of the filing of the original motion consistent with Local Rule 7.1(b).

Motions to respond or briefs in opposition to motions that are filed in violation of the above rules will be disregarded by the court unless good cause is shown for the failure to comply.

**SO ORDERED** this   29th   day of November, 2007.

            s/ William C. Griesbach
            William C. Griesbach
            United States District Judge